UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ABUNDIO PABLO ARANTA,

      Petitioner,

    v.                            Case No.:  2:26-cv-781-SPC-NPM

KEVIN GUTHRIE *et al.*.

      Respondents,

_____/

## **OPINION AND ORDER**

Before the Court are Abundio Pablo Aranta's Petition for Writ of Habeas Corpus (Doc. 1) and the federal government's response (Doc. 6).  For the below reasons, the Court grants the petition.

Pablo Aranta is a native and citizen of Mexico who entered the United States on March 10, 2004.  He was the victim of a robbery in 2013, and the Sanford Police Department supported his application for U nonimmigrant status.  On November 17, 2022, the U.S. Citizenship and Immigration Service granted Pablo Aranta a U-visa, giving him lawful residence and employment authorization through November 16, 2026.  He is in the process of applying for adjustment to lawful-permanent-resident status.  On March 11, 2026, a Florida Fish & Wildlife officer arrested Pablo Aranta and turned him over to Immigration and Customs Enforcement ("ICE").  He is now detained at Alligator Alcatraz.

The respondents argue (1) 8 U.S.C. § 1252(g) and (b)(9) strip the Court of jurisdiction over the petitioner's claims, (2) the petitioner failed to exhaust available administrative remedies, and (3) the petitioner is properly detained under § 1225. As the respondents acknowledge, the Court rejected these arguments in cases that presented the same issues, like *Hinojosa Garcia v. Noem*, No. 2:25-cv-879-SPC-NPM, 2025 WL 3041895 (M.D. Fla. Oct. 31, 2025) and *Vasquez Carcamo v. Noem*, 2:25-cv-922-SPC-NPM, 2025 WL 3119263 (M.D. Fla. Nov. 7, 2025). The Court's reasons for granting habeas relief in those cases apply equally here.

As the Court explained in *Hinojosa Garcia* and *Vasquez Carcamo*, it has jurisdiction because this action falls outside the scope of § 1252(g) and (b)(9), and exhaustion is excused because it would be futile. And like the petitioners in those cases, Pablo Aranta's detention is not governed by § 1225(b)(2). But unlike the prior cases, Pablo Aranta's detention is not covered by § 1226 either. § 1226 allows the government "to detain certain aliens already in the country pending the outcome of removal proceedings[.]" *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018). By granting Pablo Aranta a U-visa, the government already decided to defer removal until it expires. *See* 8 U.S.C. § 1184(p). For their part, the respondents acknowledge his current removal proceeding will likely be terminated.

2

In short, Pablo Aranta made a *prima facie* case that his detention lacks any legal justification, and the government fails to demonstrate a lawful basis for detention.

Accordingly, it is hereby

**ORDERED**:

Abundio Pablo Aranta's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

1.    The respondents shall release Pablo Aranta from custody within 24 hours of this Order.   The respondents shall facilitate Pablo Aranta's transportation from the detention facility by notifying his counsel when and where he may be collected.

2.    The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on April 1, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1

3